UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH FRIAS, individually,<br><br>          Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO; DOE SHERIFF'S DEPUTIES 1-5, Individually; DOE SHERIFF'S NURSES 6-10, Individually; AND DOES 11-15, Individually, Inclusive,<br><br>         Defendants. | Case No.: 22cv675 JO-WVG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |

  Plaintiff Joseph Frias is an epileptic individual that brings claims against the County of San Diego (the "County") and certain County employees based on events during his pretrial detention that resulted in his paralysis. Defendants filed a motion to dismiss Plaintiff's first amended complaint on grounds of immunity and for failure to state a claim.

1

Dkt. 7. The Court held oral argument on the motion on January 4, 2023. For the reasons stated on the record at the oral argument, the Court GRANTS IN PART AND DENIES IN PART the motion [Dkt. 7] and finds as follows:

(1) Plaintiff's claims are sufficiently alleged against DOES 1–5 but not against the remaining DOES. Accordingly, DOES 6–15 are dismissed from the action.

(2) Defendants are not immune under California Government Code § 845.6 because Plaintiff has adequately pleaded § 845.6's exception to immunity that Defendants "[knew] or ha[d] reason to know that that the prisoner is in need of immediate medical care and [] fail[ed] to take reasonable action to summon such medical care." Cal. Gov. Code § 845.6.

(3) Defendants are not immune under California Government Code § 845.2 for "failure to provide sufficient equipment, personnel or facilities" in prison because Plaintiff's allegations are unrelated to budgetary restrictions, prison policies, and system-wide limitations or flaws.

(4) The County is not immune from Plaintiff's state law claims under California Government Code § 844.6 because Plaintiff has sufficiently alleged § 845.6's exception to immunity against Defendants, which renders DOES 1–5 and the County not immune at the pleading stage.

(5) Plaintiff adequately states a claim for vicarious but not direct liability against the County under the Bane Act.

**IT IS SO ORDERED**.

Dated: January 10, 2022

Hon. Jinsook Ohta
United States District Judge