UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH FRIAS,<br><br>                      Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>                      Defendants. | Case No.: 3:22-cv-00675-JO-AHG<br><br>**ORDER RESOLVING OPPOSED JOINT MOTION AND GRANTING PLAINTIFF'S MOTION TO CONTINUE THE DEADLINE TO FILE A MOTION FOR LEAVE TO AMEND**<br><br>**[ECF No. 34]** |

      Before the Court is the parties' opposed joint motion to continue the deadline for filing a motion for leave to amend. ECF No. 34. Plaintiff seeks to extend the deadline from May 15, 2023, to June 5, 2023, which Defendant opposes. *Id*.

      Parties seeking to continue deadlines in the scheduling order must demonstrate good cause. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); ECF No. 25 at 5 (Scheduling Order, stating that "[t]he dates set forth herein will not be modified except for good cause shown"); AHG.Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request").

      Courts have broad discretion in determining whether there is good cause. *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992); *Liguori v.*

*Hansen*, No. 2:11cv492-GMN-CWH, 2012 WL 760747, at *12 (D. Nev. Mar. 6, 2012). "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson*, 975 F.2d at 609 ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.") (internal citation omitted). Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transp. Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018). However, a court also may consider the "existence or degree of prejudice to the party opposing the modification[.]" *Id*.

Here, any motion to join other parties, to amend the pleadings, or to file additional pleadings, is due on May 15, 2023. ECF No. 25 at 1. On May 12, 2023, the parties filed the instant motion, with Plaintiff requesting a three-week extension of this deadline and Defendant requesting no more than a two-week extension. ECF No. 34. Plaintiff represents to the Court that he has been diligently attempting to ascertain the identities of the unnamed "Doe" Defendants—i.e., "the deputies involved in the use of force that is the subject of Plaintiff's complaint." *Id*. at 2. Plaintiff represents that his counsel is in the process of reviewing 7,000 pages of documents and 17 videos recently produced by Defendant in discovery. *Id*. Plaintiff requests a three-week continuance, instead of the two-week continuance agreed to by Defendant, because Plaintiff's counsel will be out of town from May 18 to May 23 for Plaintiff's deposition. *Id*. at 3. Defendant represents that it "does not oppose a brief continuance, no more than two weeks." *Id*. at 4. Defendant represents that 5,000 pages of the 7,000-page production are medical records that would not assist Plaintiff in identifying Doe defendants. *Id*. at 4–5. Defendant further contends that the 17 videos would also not assist Plaintiff in identifying Doe defendants. *Id*. Defendant represents that there are 100 pages of law enforcement reports, with the names of the officers who prepared

each report, that would be relevant to identifying the unnamed deputies. *Id*. Thus, Defendant contends that a two-week extension is more than sufficient. *Id.*

The Court has reviewed the papers submitted, as well as the docket, and has considered the arguments of both sides. The Court appreciates that Plaintiff has been diligently pursuing discovery and reviewing the voluminous discovery responses. Thus, the Court finds that Plaintiff has demonstrated the diligence necessary for a finding of good cause. The Court finds that a one-week extension beyond what Defendant was willing to stipulate to will not prejudice Defendant, as the fact discovery deadline is in August. Thus, despite the joint motion's shortcomings,[1] good cause appearing, the Court **GRANTS** Plaintiff's motion for extension. ECF No. 34. The Court **ORDERS** as follows:

1. Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed by **June 5, 2023**.

2. To the extent that Plaintiff intends to use the instant motion to notify the Court of a discovery dispute regarding Special Interrogatory Nos. 3 and 3, the Court requires that the parties follow the Court's Chambers Rules. *See* AHG.Chmb.R. at 3–4.

3. All other deadlines set forth in the Court's Scheduling Order (ECF No. 25) remain in place, except as explicitly modified by this Order.

**IT IS SO ORDERED.**

Dated:  May 12, 2023

_____
Honorable Allison H. Goddard
United States Magistrate Judge

---

[1] *Compare* AHG.Chmb.R. at 3 (requiring that all motions for continuances be filed "seven calendar days before the affected date") *with* ECF No. 34 (filed three days before Plaintiff's motion for leave to amend was due). *Compare* AHG.Chmb.R. at 3 (requiring that all joint motions for continuances include a declaration from counsel) *with* ECF No. 34 (no declaration).