1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT
9                     SOUTHERN DISTRICT OF CALIFORNIA
10

11   JOSEPH FRIAS,                          Case No.:  3:22-cv-00675-JO-AHG

12                             Plaintiff,   **ORDER:**

13   v.
                                            **(1) GRANTING IN PART JOINT**
14   COUNTY OF SAN DIEGO, et al.,           **MOTION TO AMEND THE**
                                            **SCHEDULING ORDER, and**
15                             Defendants.
16                                          **(2) ISSUING FIRST AMENDED**
17                                          **SCHEDULING ORDER**

18                                          **[ECF No. 44]**
19

20        Before the Court is the parties' joint motion to amend the scheduling order. ECF

21   No. 44. The parties represent to the Court that they have diligently propounded written

22   discovery and have taken multiple depositions in this matter. *Id*. at 3. After reviewing video

23   footage and thousands of pages of document production, Plaintiff amended his complaint

24   to name individual deputy defendants. ECF No. 44-1 at 3; *see* ECF No. 42. Plaintiff intends

25   to depose the recently-added named defendants and other medical providers; however,

26   Plaintiff's counsel has an upcoming two-week trial, with extensive preparation needed, as

27   well as depositions scheduled in another case. ECF No. 44 at 3. Thus, the parties request a

28   three-month continuance of all scheduling order deadlines. *Id*. at 4–5. The Court

1   appreciates the parties' thorough motion and concludes that the parties have demonstrated

2   the diligence necessary for a finding of good cause. *See Johnson v. Mammoth Recreations,*

3   *Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) ("the focus of the [good cause] inquiry is upon the

4   moving party's reasons for seeking modification. . . . If that party was not diligent, the

5   inquiry should end."); *Merck v. Swift Transp. Co.*, No. CV-16-01103-PHX-ROS, 2018 WL

6   4492362, at *2 (D. Ariz. Sept. 19, 2018) ("a party demonstrates good cause by acting

7   diligently to meet the original deadlines set forth by the court"). Thus, the Court **GRANTS**[1]

8   the joint motion and issues the following First Amended Scheduling Order:

9        1.    All fact discovery shall be completed by all parties by **November 16, 2023**.

10   "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil

11   Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of

12   time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking

13   into account the times for service, notice and response as set forth in the Federal Rules of

14   Civil Procedure. **Counsel shall promptly and in good faith meet and confer with**

15   **regard to all discovery disputes in compliance with Local Rule 26.1(a). A failure to**

16   **comply in this regard will result in a waiver of a party's discovery issue. Absent an**

17   **order of the court, no stipulation continuing or altering this requirement will be**

18   **recognized by the court.** The Court expects counsel to make every effort to resolve all

19   disputes without court intervention through the meet and confer process.  If the parties

20   reach an impasse on any discovery issue, the movant must e-mail chambers at

21   efile_goddard@casd.uscourts.gov no later than 45 days after the date of service of the

22   written discovery response that is in dispute, seeking a telephonic conference with the

23   Court to discuss the discovery dispute. The email must include: (1) at least three proposed

24   times mutually agreed upon by the parties for the telephonic conference; (2) a neutral

25

26   [1] The parties' proposed pretrial conference date was unavailable on the Court's calendar,

27   and the parties' proposed mandatory settlement conference date was on a federal holiday.
     Thus, the instant amended scheduling order is slightly different from the schedule

28   requested by the parties.

statement of the dispute; and (3) one sentence describing (not arguing) each parties' position. The movant must copy opposing counsel on the email. No discovery motion may be filed until the Court has conducted its pre-motion telephonic conference, unless the movant has obtained leave of Court. **All parties are ordered to read and to fully comply with the Chambers Rules of Magistrate Judge Allison H. Goddard.**

2. The parties shall designate their respective experts in writing by **December 15, 2023**. The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid. This requirement is not limited to retained experts. The date for exchange of rebuttal experts shall be by **January 16, 2024**. The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

3. By **December 15, 2023**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony. **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**

4. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) by **January 16, 2024**.

5. All expert discovery shall be completed by all parties by **February 16, 2024**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery. Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

6.      All other pretrial motions must be filed by **April 12, 2024**.  Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion.  The period of time between the date you request a motion date and the hearing date may vary from one district judge to another.  Please plan accordingly.  Failure to make a timely request for a motion date may result in the motion not being heard.  Motions in limine are to be filed as directed in the Local Rules, or as otherwise set by the district judge.

7.      A Mandatory Settlement Conference shall be conducted on **June 21, 2024** at **9:30 a.m.** in the chambers of **Magistrate Judge Allison H. Goddard**. Defendant must serve on Plaintiff a **written** settlement proposal, which must include a specific demand amount, no later than **May 31, 2024**. The plaintiff must respond to the plaintiff **in writing** with a specific offer amount prior to the Meet and Confer discussion. The parties should not file or otherwise copy the Court on these exchanges. Rather, the parties must include their written settlement proposals in their respective Settlement Conference Statements to the Court.  Counsel for the parties must meet and confer in person or by phone no later than **June 7, 2024**. Each party must prepare a Settlement Conference Statement, which will be served on opposing counsel and lodged with the Court no later than **June 13, 2024**. The Statement must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed).  The substance of the Settlement Conference Statement must comply fully with Judge Goddard's Mandatory Settlement Conference Rules (located at https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Mandatory%20Settlem ent%20Conference%20Rules.pdf).  Each party may also prepare an **optional** Confidential Settlement Letter for the Court's review only, to be lodged with the Court no later than **June 13, 2024**. The Letter must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed).  Should a party choose to prepare a Letter, the substance of the Settlement Conference Letter must comply fully with Judge Goddard's Mandatory Settlement Conference Rules.  **All parties are ordered to read and to fully comply with the Chambers Rules and Mandatory Settlement Conference Rules of**

**Magistrate Judge Allison H. Goddard**.

8.      Counsel do not need to file Memoranda of Contentions of Fact and Law if the trial will be a jury trial.

9.      Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **July 31, 2024**.  Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

10.      Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **August 7, 2024**.  At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c).  Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3).  Counsel shall cooperate in the preparation of the proposed pretrial conference order.

11.      Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f).  By **August 14, 2024**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval.  Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

12.      The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **August 21, 2024**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

13.      The final Pretrial Conference is scheduled on the calendar of the **Honorable Jinsook Ohta** on **August 28, 2024** at **9:30 a.m.**

14.      The parties must review the chambers' rules for the assigned magistrate judge.

15.     A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

16.     The dates and times set forth herein will not be modified except for good cause shown.

17.     Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

18.     Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated:  July 11, 2023

_____
Honorable Allison H. Goddard
United States Magistrate Judge