UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH FRIAS, Individually,<br><br>                              Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al,<br><br>                              Defendants. | Case No.: 3:22-CV-00675-JO-AHG<br><br>**ORDER DENYING DEFENDANTS MARTINEZ'S AND GARCIA'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT** |

Plaintiff Joseph Frias alleges that the County of San Diego ("County") and certain County employees deprived him of medical care and used excessive force against him while he was in their custody at the George Bailey Detention Facility. Dkt. 42 ("TAC"). In his third amended complaint, Plaintiff added a supervisory liability claim pursuant to 42 U.S.C. § 1983 ("§ 1983") against two new defendants, Lieutenant Roberto Martinez and Sergeant Edmundo Garcia ("Defendants Martinez and Garcia"). *Id.* On September 8, 2023, Defendants Martinez and Garcia moved to dismiss Plaintiff's claim, arguing that the relevant statute of limitations had passed. Dkt. 55-1 ("Defs.' Mot. Dismiss"). For the reasons stated below, the Court DENIES their motion to dismiss.

# I. BACKGROUND

Plaintiff alleges that San Diego County employees at the George Bailey Detention Facility used excessive force against him and deprived him of medical care while he was experiencing seizures. *See generally* TAC. On March 9, 2021, Plaintiff informed Deputies Jacobo and Le that he could not breathe and that he was about to have a seizure. *Id.* at 2–3. Despite Plaintiff's request for help, the deputies did not respond. *Id.* at 3. Plaintiff then started experiencing a seizure, prompting Deputies Jacobo, Le, and Tapia to forcefully restrain him. *Id.* at 3–4. Later, joined by Deputies Bohan and Banaga, the deputies held Plaintiff down and applied pressure to Plaintiff's knees. *Id.* at 4–5. When Plaintiff would not stop convulsing, the deputies placed him in a "WRAP" device to restrain his movement. *Id.* at 5. Defendants Martinez and Garcia were also present during these encounters; they witnessed the deputies' use of physical force against Plaintiff and authorized the deputies' use of the WRAP device on Plaintiff. *Id.* at 20–21.

At the time of this incident, Plaintiff was a pretrial detainee in County custody on pending charges of assault. Dkt. 67 at 1 ("Defs.' Reply Mot. Dismiss"). Plaintiff has remained incarcerated since this incident and is now serving his sentence in state prison. Dkt. 65 at 2 ("Pl.'s Opp'n Mot. Dismiss").

On May 13, 2023, Plaintiff filed suit against the County of San Diego and certain County employees alleging injuries stemming from the events on March 9, 2021. Dkt. 1. On July 3, 2023, more than two years after the incident at issue, Plaintiff filed a third amended complaint raising claims for the first time against Defendants Martinez and Garcia. TAC at 20–21. Plaintiff alleges that Defendants Martinez and Garcia bear supervisory liability under § 1983 because they knew Plaintiff was suffering from seizures but still permitted the deputies to apply unreasonable force and deprive Plaintiff of necessary medical care. *Id.*

# II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In deciding a motion to dismiss, all material

factual allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). A court, however, need not accept all conclusory allegations as true. Rather, it must "examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff." *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992) (internal citation and quotation marks omitted). A motion to dismiss should be granted if a plaintiff's complaint fails to contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *id.* at 556).

A party may raise a statute of limitations defense on a motion to dismiss "[i]f the running of the statute is apparent on the face of the complaint." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). However, such a motion "may be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995) (internal citation and quotation marks omitted).

### III. DISCUSSION

Defendants Martinez and Garcia argue that Plaintiff's supervisory liability claim is barred by the two-year statute of limitations. *See generally* Defs.' Mot. Dismiss.[1] Plaintiff, on the other hand, contends that the statute of limitations period should be tolled for two reasons: (1) he was incarcerated at the time of his injury and thus, qualifies for tolling pursuant to the imprisonment disability statute California Code of Civil Procedure § 352.1

---

[1] For purposes of determining the statute of limitations, a § 1983 claim is considered a personal injury action. *Wilson v. Garcia*, 471 U.S. 261, 280 (1985). In California, the statute of limitations period for personal injury actions is two years. Cal. Civ. Proc. Code § 335.1 (West 2023). The applicable statute of limitations is not contested here. Thus, without tolling, Plaintiff was required to file all of his claims based on the events of March 9, 2021 by March 9, 2023.

("CCP § 352.1"); and (2) he did not learn of Defendants Martinez's and Garcia's role in causing his injuries until later because they intentionally concealed their participation. Pl.'s Opp'n Mot. Dismiss at 3–6. The Court will first examine whether Plaintiff qualifies for tolling under CCP § 352.1 and then determine whether to address Plaintiff's second tolling argument based on delayed discovery of Defendants Martinez's and Garcia's involvement.

**A. Tolling Under CCP § 352.1**

Because Plaintiff was a pretrial detainee when his injuries occurred, the Court must determine whether CCP § 352.1, which permits tolling for the disability of incarceration, equally applies to those in pretrial custody as to those in post-conviction custody.

Under CCP § 352.1, the Court may toll the statute of limitations for those who are "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life" "at the time the cause of action accrued." CCP § 352.1(a). In acknowledgment of the difficulties posed by incarceration, this provision offers individuals suffering from the "disability" of imprisonment additional time to file their claims. *Id.*; see *Bledstein v. Superior Ct.*, 208 Cal. Rptr. 428, 441 (Cal. Ct. App. 1984) (reasoning that the Legislature enacted CCP § 352 as a tolling provision for prisoners "in part by a recognition of the practical, as well as the legal, difficulties prisoners face in instituting and prosecuting suits." (internal citation and question marks omitted)). While CCP § 352.1's predecessor, California Code of Civil Procedure § 352(a)(3) ("CCP § 352(a)(3)"), provided indefinite tolling, CCP § 352.1 offers detainees an additional two years to file their claims. *See Austin v. Medicis*, 230 Cal. Rptr. 3d 528, 537, 542 (Cal. Ct. App. 2018). For example, an inmate who remained in continuous custody from the time of his injury to the filing of his claim would have "four years to file a [§ 1983] complaint—i.e., the regular two year period under section 335.1 plus two years during which accrual was postponed due to the disability of imprisonment." *Trujillo v. Jacquez*, No. 10-cv-05183-YGR, 2015 WL 428010, at *11 (N.D. Cal. Jan. 30, 2015).

The Court concludes that CCP § 352.1 affords the possibility of tolling not only to those serving a prison sentence post-conviction but also to those detained in county jail

awaiting trial. *See Elliott v. City of Union City*, 25 F.3d 800, 802 n.4 (9th Cir. 1994); *see also Mosteiro v. Simmons*, No. 22-16780, 2023 WL 5695998 (9th Cir. Sept. 5, 2023) (unpublished). In *Elliott v. City of Union City*, the Ninth Circuit held that CCP § 352(a)(3), the predecessor to § 352.1, equally applies to "pre-trial detainees" in county jail. 25 F.3d at 802 n.4. The circuit court reasoned that the statutory language "imprisoned on a criminal charge"—the same language in CCP § 352.1—clearly denotes "post-arrest custody." *Id.* at 803. In reaching this conclusion, the Ninth Circuit noted that the purpose of this statute "would be ill-served by creating an arbitrary distinction between pre- and post-arraignment incarceration" as someone in "police custody prior to arraignment" is as inhibited in their "ability to investigate their claims, to contact lawyers and to avail themselves of the judicial process" "as someone in custody after arraignment." *Id.* at 802–03. Thus, because "actual, uninterrupted incarceration is the touchstone" of this tolling statute, the circuit court held that CCP § 352(a)(3) protections should "cover[] all [continuous] post-arrest custody." *Id.* at 803 (internal citation omitted).

Despite the subsequent amendment of CCP § 352(a)(3) to § 321.5, the Court finds that *Elliott* remains the applicable law on the availability of tolling for pre-trial detainees. Following the statute's amendment, the California Court of Appeal in *Austin v. Medicis* held that the newly enacted CCP § 321.5 excluded pretrial detainees from the protections of the statute. 230 Cal. Rptr. 3d at 542 ("[A] would-be plaintiff is 'imprisoned on a criminal charge' . . . [only] if he or she is serving a term of imprisonment in the state prison."). After finding the term "imprisoned" ambiguous and subsequently turning to the statute's legislative history, the *Austin* court concluded that the statute only pertained to state prisoners. *Id.* at 589–97. Mindful of its responsibility to follow the precedent of the state's highest court when interpreting state statutes, the Court examines whether the state appellate court's decision in *Austin* is "how the highest state court would decide the issue." *Vestar Dev. II, LLC v. Gen. Dynamics Corp.*, 249 F.3d 958, 960 (9th Cir. 2001) (internal citation omitted) (establishing that when there is no applicable California Supreme Court decision, a court "must predict how the highest state court would decide the issue using

intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance." (internal citation omitted)). For the following reasons, the Court finds that there is "convincing evidence that the state supreme court would decide [the scope of CCP § 352.1] differently" and thus, respectfully declines to follow *Austin*. *Id.* (internal citation omitted) ("[A] federal court is obligated to follow the decisions of the state's intermediate appellate courts" only "where there is no convincing evidence that the state supreme court would decide differently." (internal citation omitted)).

Persuaded by the Ninth Circuit's reasoning in its unpublished decision, *Mosteiro v. Simmons*, the Court finds that the California Supreme Court would be unlikely to follow *Austin* because its reasoning conflicts with important principles of statutory interpretation.[2] *See* 2023 WL 5695998. As the Ninth Circuit noted, the *Austin* court erred in finding CCP § 352.1 ambiguous and in subsequently turning to legislative history to resolve its meaning. *Id.* at *2–3. To begin, the *Austin* court improperly focused on the meaning of "imprisoned" without considering its larger context: "imprisoned on a criminal charge, or in execution under the sentence of a criminal court." *See Super. Ct. v. Pub. Emp. Rels. Bd.*, 241 Cal. Rptr. 3d 554, 577 (Cal. Ct. App. 2018) ("[I]t is a fundamental principle of statutory construction (and, indeed, of language itself) that the meaning of a word cannot be determined in isolation, but must be drawn from the context in which it is used." (internal citation and quotation marks omitted)). In doing so, the *Austin* court ignored the critical

---

[2] The Court notes, however, that pre-*Mosteiro*, many district courts have reached the opposite conclusion. *See, e.g., Sekerke v. Hoodenpyle*, No. 19-cv-35-WQH-JLB, 2020 WL 914885, at *4–5 (S.D. Cal. Feb. 26, 2020) (declining to follow *Elliott* because federal courts "must follow the decision of the intermediate appellate court of the state.") (internal citation omitted)); *Arreola v. Cnty. of Fresno Pub. Def.'s Office*, No. 1:20-cv-00272-AWI-SAB, 2020 WL 1169222, at *6 (E.D. Cal. Mar. 11, 2020) (following *Austin* and holding that "section 352.1 does not apply to an individual who is in pretrial custody in a county jail at the time his claims accrued because he is not 'imprisoned on a criminal charge' within the meaning of section 352.1"); *Garcia v. Corral*, No. 18-cv-04730-PJH, 2019 WL 931754, at *3 (N.D. Cal. Feb. 26, 2019) (same); *Lockett v. County of Los Angeles*, No. CV-185838-PJW, 2018 WL 6842539, at *2 (C.D. Cal. Oct. 25, 2018) (same); *see also Shaw v. Sacramento Cnty. Sheriff's Dep't*, 810 F. App'x 553, 554 (9th Cir. 2020) (reasoning that it was "obligated to follow" *Austin* in the absence of evidence that the California Supreme Court would rule to the contrary); *Darbouze v. Christopher*, No. 21-55133, 2022 WL 1769794, at *1 (9th Cir. June 1, 2022) (same).

language, "on a criminal charge," which modifies the term "imprisoned." *See Golden State Boring & Pipe Jacking, Inc. v. Orange Cnty. Water Dist.*, 49 Cal. Rptr. 3d 447, 453 (Cal. Ct. App. 2006) (holding that courts may not "delet[e]" or "read[ ] out" terms that the Legislature inserted). Importantly, the "usual and ordinary meaning" of "charge" is "the specific crime the defendant is accused of committing," *not* the crime for which he is convicted. *Black's Law Dictionary* (6th ed. 1990); *see also Maddox v. Lake*, No. D066181, 2015 WL 4571550, at *4 (Cal. Ct. App. July 29, 2015) (noting that under CCP § 352.1, an individual can face "charges" pre-conviction); *McAlpine v. Super. Ct.*, 257 Cal. Rptr. 32, 35, 37 (Cal. Ct. App. 1989) (holding that "criminal charge" in a similar statute means an "accusatory pleading" that precedes judgment and sentence). Thus, when "imprisoned" is analyzed in its context—"imprisoned on a criminal charge"—rather than in isolation, the term's meaning is not ambiguous as it clearly signifies custody prior to conviction. *See Mosteiro*, 2023 WL 5695998, at *2.

Second, the *Austin* court's reading of "imprisoned" as post-conviction custody is flawed because it renders critical language in CCP § 352.1 superfluous. The statute provides tolling for those "imprisoned on a criminal charge, **or** in execution under the sentence of a criminal court." CCP § 352.1 (emphasis added). Because "in execution under the sentence of a criminal court" already signifies post-conviction custody, interpreting "imprisoned on a criminal charge" identically would make the statute unnecessarily redundant. *See City of Huntington Park v. Super. Ct.*, 41 Cal. Rptr. 2d 68, 72 (Cal. Ct. App. 1995) (establishing that "a construction of a statute which makes some words surplusage" violates a "cardinal rule" of statutory interpretation). Moreover, by indistinguishably interpreting the two phrases as post-conviction custody in state prison, the *Austin* court's reading ignores the statute's disjunctive "or," which requires that each phrase "be given separate meaning." *Reiter v. Sonotone Corp.*, 442 U.S. 330, 339 (1979); *see also Ruiz v. Ahern*, No. 20-cv-01089-DMR, 2020 WL 4001465, at *7 (N.D. Cal. July 15, 2020) (finding that no explanation was provided "for why section 352.1 contains both phrases in the disjunctive"). Because CCP § 352.1's relevant language is not ambiguous

when read consistently with principles of statutory interpretation, the Court is convinced that the California Supreme would neither deem it necessary nor appropriate to turn to legislative history as the *Austin* court did. *See Am. Tower Corp. v. City of San Diego*, 763 F.3d 1035, 1047 (9th Cir. 2014) ("[T]he text of the statute is 'persuasive data' that the California Court of Appeal misinterpreted" a statute.); *see also Sprint Telephony PCS, L.P. v. Bd. of Equalization*, 189 Cal. Rptr. 3d 673, 681 (Cal. App. Ct. 2015) ("[R]esort to legislative history is appropriate *only* where statutory language is ambiguous." (internal citation and quotation marks omitted)).

Finally, the Ninth Circuit's broader reading of CCP § 352.1 is more reflective of the statute's "prevailing purpose" than the *Austin* court's interpretation. *Mosteiro*, 2023 WL 5695998, at *3. According to the California Court of Appeal, the Legislature originally enacted CCP § 352 as a tolling provision for prisoners in "recognition of the practical, as well as the legal, difficulties prisoners face in instituting and prosecuting suits." *Bledstein*, 208 Cal. Rptr. at 441 (finding that CCP § 352 applied to federal prisoners in a half-way house). The Ninth Circuit has similarly recognized that the tolling statute serves to compensate for the challenges that *all* detainees face in bringing litigation, explaining that no one "form[ ] of custody" creates a greater challenge than the other. *Elliott*, 25 F.3d at 802–03. In holding that CCP § 352.1 only applies to state prisoners—rather than all detainees—the *Austin* court deviated from the statute's goal to redress the legal barriers posed by incarceration. In conclusion, the Court finds that both the plain language and prevailing purpose of CCP § 352.1 provide convincing evidence that the California Supreme Court would not adopt the *Austin* court's reasoning. *See Vestar*, 249 F.3d at 960. Thus, as the Ninth Circuit instructs, the Court holds that CCP § 352.1's tolling provisions equally apply to pretrial detainees as to state prisoners. *See Elliott*, 25 F.3d at 802–03; *Mosteiro*, 2023 WL 5695998, at *4.

Here, Plaintiff is eligible for tolling pursuant to CCP § 352.1 because he was in pre-trial custody when County officers allegedly violated his constitutional rights and he has remained in continuous custody ever since. *See Elliott*, 25 F.3d at 802–03. While the two-

year statute of limitations for his § 1983 claims would have normally expired by March 9, 2023, under CCP § 352.1's tolling provisions, Plaintiff is entitled to an additional two years to file with a deadline of March 9, 2025. *See Trujillo*, 2015 WL 428010, at *11. Because Plaintiff filed his § 1983 supervisory liability claims against Defendants Martinez and Garcia on July 3, 2023, these claims are timely.

Because the Court finds that Plaintiff's claims against Defendants Martinez and Garcia are not barred by the statute of limitations under CCP § 352.1, it declines to address Plaintiff's delayed discovery arguments. *See generally* TAC.

### IV. CONCLUSION

For the reasons set out above, the Court DENIES Defendants Martinez's and Garcia's motion to dismiss Plaintiff's TAC.

**IT IS SO ORDERED.**

Dated: November 29, 2023

_____
Honorable Jinsook Ohta
United States District Judge