UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH FRIAS,<br><br>                    Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>                    Defendants. | Case No.: 3:22-cv-00675-JO-AHG<br><br>**ORDER GRANTING JOINT MOTION TO EXTEND DEADLINE TO CONTACT THE COURT REGARDING DISCOVERY DISPUTE**<br><br>**[ECF No. 73]** |

Before the Court is the parties' joint motion to extend the deadline to raise discovery disputes with the Court. ECF No. 73. Under the Court's 45-Day Rule (*see* AHG.Chmb.R. at 2–3), the parties would have been required to bring any discovery dispute regarding Defendant's responses[1] to the Court's attention by February 19, 2024. The parties seek an order from the Court extending the deadline slightly. ECF No. 73 at 2.

Parties seeking to continue deadlines must demonstrate good cause. Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the

---

[1] Defendant's responses at issue here regard Plaintiff's sixth set of special interrogatories, which Plaintiff propounded on November 17, 2023, and Defendant responded to on January 5, 2024. ECF No. 73 at 2.

1

request"); *see also* FED. R. CIV. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time").

"Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.") (internal citation omitted).

Here, the parties have represented to the Court that they are actively meeting and conferring on regarding Defendant's discovery responses, and have "reached a compromise whereby County agreed [to] supplement its response." ECF No. 73 at 2. "Counsel for Defendants was recently sick with COVID-19 and anticipates supplementing the response by February 16, 2024[.]" *Id*. Hence, the parties seek an order from the Court extending the deadline raise their dispute to February 23, 2024, to facilitate a cooperative resolution. *Id*.

The Court appreciates that the parties have been working together to resolve their disputes without judicial intervention. Good cause appearing, the Court **GRANTS** the motion. Thus, the parties must bring any discovery dispute regarding Defendant's responses to Plaintiff's sixth set of special interrogatories to the Court's attention in the manner described in ECF No. 69 at 2 n.1 no later than **February 23, 2024**.

**IT IS SO ORDERED.**

Dated: February 15, 2024

_____
Honorable Allison H. Goddard
United States Magistrate Judge