UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH FRIAS,<br><br>                                              Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>                                          Defendants. | Case No.:  3:22-cv-00675-JO-AHG<br><br>**ORDER GRANTING IN PART JOINT MOTION TO AMEND SCHEDULING ORDER**<br><br>**[ECF No. 74]** |

Before the Court is the parties' joint motion to amend the scheduling order. ECF No. 74. The parties seek an order from the Court extending the expert report deadline, and all other scheduling order deadlines by approximately 30 days. *Id*.

Parties seeking to continue deadlines in the scheduling order, or other deadlines set forth by the Court, must demonstrate good cause. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); *see also* ECF No. 63

at 6 (Amended Scheduling Order, stating that "[t]he dates [] set forth herein will not be modified except for good cause shown"); Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request").

"Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end."). Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transp. Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

The parties represent to the Court that the depositions of Defendants and key witnesses will be conducted in March, prior to the Court's March 29, 2024, deadline. ECF No. 74-1 at 2; *see* ECF No. 69 at 2 ("February 16, 2024, remains the deadline for completion[] of fact discovery, except for the following: [] All depositions must be taken on or before March 29, 2024") (emphasis omitted). The parties contend that the deposition transcripts "will be imperative for the experts to review prior to rendering their opinions." ECF No. 74 at 3. Thus, the parties request that their experts have one month to prepare their reports, instead of one week, after the depositions are completed. *Compare* ECF No. 69 (deposition deadline of March 29, 2024, and expert disclosure deadline of April 5, 2024) *with* ECF No. 74 (requesting expert disclosure deadline of May 6, 2024). Thus, the parties request a 30-day[1] extension of all case management dates. ECF No. 74 at 3–4.

/ /

---

[1] Plaintiff's counsel is lead counsel in a trial commencing in San Diego Superior Court on October 11, 2024. A 30-day extension of the Mandatory Settlement Conference (from September 20 to October 20) would cause the settlement conference to conflict with that trial, thus, the parties have requested a 60-day extension of the settlement conference.

The Court appreciates that the parties have been working together diligently to complete discovery. While the Court finds good cause to extend certain discovery deadlines, it does not find it necessary to extend other case management deadlines. Thus, the Court **GRANTS IN PART** the joint motion as follows:

1.      The parties shall designate their respective experts in writing by **May 6, 2024**. The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid.  This requirement is not limited to retained experts.  The date for exchange of rebuttal experts shall be by **June 6, 2024**.  The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide.  The list shall also include the normal rates the expert charges for deposition and trial testimony.

2.      By **May 6, 2024**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure.  This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.  **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial.  In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P.  37(c).**

3.      Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) by **June 6, 2024**.

4.      All expert discovery shall be completed by all parties by **July 8, 2024**.  The parties shall comply with the same procedures set forth in the paragraph governing fact discovery. Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

5.      All other pretrial motions must be filed by **August 9, 2024**.  Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will

hear the motion.  The period of time between the date you request a motion date and the hearing date may vary from one district judge to another.  Please plan accordingly.  Failure to make a timely request for a motion date may result in the motion not being heard. Motions in limine are to be filed as directed in the Local Rules, or as otherwise set by the district judge.

6.    A    Mandatory    Settlement    Conference    ***remains    scheduled***    for **September 20, 2024** at **9:30 a.m.** before Magistrate Judge Allison H. Goddard. Upon due consideration, the Mandatory Settlement Conference will take place ***via videoconference*** instead of in-person. *See* ECF No. 63 at 4  ("A Mandatory Settlement Conference shall be conducted … in the chambers of Magistrate Judge Allison H. Goddard") (emphasis added).

   a.   The pre-conference deadlines of **August 30, 2024**, for Plaintiff's written settlement proposal, **September 6, 2024**, for the parties' meet and confer discussion, and **September 13, 2024**, for the parties' Settlement Conference Statements and optional Confidential Settlement Letter ***remain in place***. The parties shall refer to ECF No. 63 at 4 for specific procedures and requirements, and must read and to fully comply with the Chambers Rules and Mandatory Settlement Conference Rules of Magistrate Judge Allison H. Goddard.

   b.   The Court requires the personal attendance of all named parties, party representatives with full[2] settlement authority, including claims adjusters

---

[2] The Court reminds the parties that parties and party representatives with full and complete authority to enter into a binding settlement must be present at the MSC. Full authority to settle means that a person must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485–86 (D. Ariz. 2003). Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595–97 (8th Cir. 2001). A person who needs to call another person who is not present at the MSC before agreeing to any settlement does not have full authority.

for insured defendants, and the primary attorney(s) responsible for the litigation at the conference.

c.  No later than **September 13, 2024**, each party must submit to the Court via email (not filed) (at efile_goddard@casd.uscourts.gov) the names, titles, and email addresses of all attendees, as well as a cell phone number for each party's preferred point of contact. Court staff will then send out the Zoom invitation to all attendees.

d.  All participants shall display the same level of professionalism during the Settlement Conference and be prepared to devote their full attention to the Settlement Conference as if they were attending in person, i.e., cannot be driving or in a car while speaking to the Court. Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that their device is plugged in or that a charging cable is readily available during the video conference. Counsel are advised that although the Settlement Conference will take place on Zoom, all participants shall appear and conduct themselves as if it is proceeding in a courtroom, i.e., all participants must dress in appropriate courtroom attire.

7.  All other dates, deadlines, and procedures set forth in the Court's Second Amended Scheduling Order (ECF No. 63) **remain in place**.

**IT IS SO ORDERED.**

Dated:  February 16, 2024

_____
Honorable Allison H. Goddard
United States Magistrate Judge