UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH FRIAS,<br><br>                                 Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>                                Defendants. | Case No.: 3:22-cv-00675-JO-AHG<br><br>**ORDER:**<br><br>**(1) RESOLVING JOINT MOTION FOR DETERMINATION OF DISPUTE REGARDING SCHEDULING ORDER [ECF No. 112],**<br><br>**(2) ISSUING THIRD AMENDED SCHEDULING ORDER, and**<br><br>**(3) DENYING AS MOOT DEFENDANTS' MOTION FOR SANCTIONS [ECF No. 105]** |

      The parties' Joint Motion for Determination of Dispute Regarding Request to Modify Scheduling Order (ECF No. 112) is now before the Court. Having considered the Joint Motion and the arguments of the parties at a hearing on October 8, 2024, (ECF No. 116), the Court resolves the Joint Motion in Plaintiff's favor, **GRANTS** Plaintiff's request to amend the scheduling order, **GRANTS IN PART and DENIES IN PART** Defendants' request to amend the scheduling order, and **ORDERS** that the Scheduling Order in this case be modified as set forth below.

1

# I. BACKGROUND

## A. Plaintiff's Claims

Plaintiff filed this action on May 13, 2022. ECF No. 1. In the operative complaint, Plaintiff alleges that on March 9, 2021, while he was detained at a County of San Diego jail, guards pepper sprayed him. ECF No. 42 at 2. While being escorted to the medical unit, Plaintiff had a grand mal seizure and fell unconscious. *Id.* at 3. Plaintiff alleges that instead of immediately calling for medical help, some of the Defendants tackled him, used excessive force, and placed him in a WRAP restraint. *Id.* at 3–5. As a result, Plaintiff suffered paralysis and is now permanently wheelchair-bound with ongoing pain and limited mobility. *Id.* at 6–7. Plaintiff asserts claims for use of unreasonable force in violation of the Fourth Amendment; supervisor liability under the Fourteenth Amendment; violations of the Bane Act, California Civil Code § 52.1; and civil battery. *Id.* at 10–21; *see also* ECF No. 84 (pursuant to the parties' stipulation, dismissing Plaintiff's claim for inadequate medical care under the Fourteenth Amendment against Defendants Jacobo, Le, Bohan, Tapia, and Banaga; Plaintiff's claim for civil battery against the County only; and Plaintiff's claim for negligence against all defendants).

## B. Procedural Posture

The Court issued the initial Scheduling Order in the case on March 15, 2023. ECF No. 25. The Court modified the Scheduling Order several times after that, either at the parties' request or because of court conflicts. *E.g.*, ECF Nos. 46, 63, 69, 76, 78, 79, 83, 93. The key dates in the scheduling order for purposes of this motion are the deadlines to make affirmative and rebuttal expert disclosures, May 6, 2024, and June 6, 2024, respectively. ECF No. 76. The final Pretrial Conference is currently set for December 19, 2024. ECF No. 93.

## C. Expert Witness Designations

Plaintiff designated Dr. Roberto Contreras as an expert witness to "offer testimony regarding Mr. Frias's current and future life care needs and the costs of those needs over Mr. Frias's lifetime" on May 6, 2024. ECF No. 112-3 at 4, 6. Plaintiff submitted a Life

Care Plan for Mr. Frias with this designation. *Id.* at 69. Dr. Contreras estimated that the lifetime costs for Plaintiff's care would be $636,025.33. *Id.* at 71. The categories of costs included in the Life Care Plan include "Medical Care, Therapeutic/Rehabilitation Professionals, Routine Diagnostics, Medications, Laboratory Studies, and Equipment & Supplies." *Id.* Dr. Contreras reserved the right to modify the Life Care Plan "should new information be made available" to him, *id.* at 70, and stated that "[a]s more materials come forth in this case this report may be modified and/or supplemented to take into account new information." *Id.* at 73. There is no dispute that Plaintiff's initial designation of Dr. Contreras and disclosure of his Life Care Plan was timely.

The deadline for Defendants to designate an expert to rebut Dr. Contreras's Life Care Plan was June 6, 2024. ECF No. 76. Defendants did not designate a rebuttal expert.

### D. Dr. Contreras's Modified Life Care Plan

Plaintiff's counsel advised Defendants on July 9, 2024, that Dr. Contreras would be supplementing his original Life Care Plan. ECF No. 112-2 at 3. On July 18, 2024, six days before Dr. Contreras's deposition, Plaintiff served a Supplemental Expert Disclosure. ECF No. 112-4 at 2. This disclosure attached a modified Life Care Plan by Dr. Contreras. *Id.* at 4. The modified Life Care Plan added two categories of costs: Home Care/Living Arrangements, and Home Modifications. *Id.* at 6.[1] Dr. Contreras's revised estimate of costs for Plaintiff's lifetime care is a range of $2,887,485.66 to $3,228,209.66. *Id.*

Plaintiff states that the basis for the modified Life Care Plan was Dr. Contreras's in-person examination of Plaintiff on July 5, 2024, and that this in-person examination could not take place before the initial expert disclosure deadline of May 6, 2024, despite Plaintiff's diligence in pursuing the examination. ECF No. 112 at 4–5. Plaintiff's counsel made her first request to Donovan State Prison, where Plaintiff was incarcerated at the

---

[1] Beyond the addition of these two categories, the modified Life Care Plan increases the estimated costs in the categories of Medical Care, Medications, and Equipment & Supplies; but decreases the estimated costs in the categories of Therapeutic/Rehabilitation Personnel and Laboratory Studies. *Compare* ECF No. 112-4 at 6 *with* ECF No. 112-3 at 71.

time, to schedule the examination on March 6, 2024. ECF No. 112-1 at 2. Plaintiff's counsel followed up on March 20, 2024, and was advised that she would need to resubmit the paperwork for the request due to a change of staff at Donovan, and when she followed up again on March 29, 2024, she was advised that it would take three to four weeks to process the request. *Id*. Approximately three weeks later, Plaintiff's counsel learned through a search on the California Department of Corrections website that Plaintiff had been transferred to High Desert State Prison ("High Desert"). *Id*. Plaintiff's counsel contacted High Desert on April 22, 2024, and was informed she had to start the process all over again. *Id*. Dr. Contreras submitted clearance paperwork on April 26, 2024. *Id*. High Desert did not approve Dr. Contreras's examination until June 20, 2024. *Id*. at 3. The examination eventually took place on July 5, 2025. *Id*. Defendants were unaware of Plaintiff's efforts to schedule the examination. ECF No. 112 at 12–13.

### E.  Events Following Service of the Modified Life Care Plan

The parties jointly moved the Court twice to extend the expert discovery deadline to allow for a deposition of Dr. Contreras. ECF Nos. 77, 79. The second joint motion was filed on July 17, 2024, ***after*** Plaintiff had informed Defendants that Dr. Contreras would be submitting the modified Life Care Plan, but before they received it. ECF No. 112 at 10. The parties represented in this Joint Motion that allowing Dr. Contreras to be deposed after the expert discovery deadline "will not prejudice the court or any party." ECF No. 79.

Defendants deposed Dr. Contreras on July 24, 2024. ECF No. 112-6 at 2. Dr. Contreras testified at the deposition regarding the difference between the two life care plans. *Id*. at 3. Dr. Contreras explained that the initial Life Care Plan was focused on the medical records available, which indicated some disagreement about whether Plaintiff was malingering. *Id.* at 4. The modified Life Care Plan reflects Dr. Contreras's in-person examination of Mr. Frias. *Id.* Defendants placed the following statement on the record at the deposition:

> As I discussed with Ms. Pena off the record, we are proceeding with Dr. Contreras's deposition today. However, we are not waiving any rights

> with respect to the supplemental report that was provided after expert discovery closed, and so we are reserving our rights to handle that via motion in limine as well as handle it via discovery conference with a magistrate judge in this case.

Email to Chambers (Oct. 7, 2024, at 12:29 PM) (full deposition transcript of Dr. Contreras at 6:9–6:16).

On August 2, 2024, the parties filed a Joint Motion requesting an extension of the deadline to file pretrial motions to August 16, 2024, and asking the Court to vacate the pretrial conference date and other dates pending the Court's decision on pretrial motions. ECF No. 81. This Joint Motion did not mention any dispute over the timeliness of the modified Life Care Plan. On August 5, 2024, the Court granted the requested extension of the deadline to file pretrial motions, but otherwise denied the parties' request to vacate the pretrial conference. ECF No. 83.

On August 16, 2024, Defendants filed a *Daubert* Motion to Exclude Expert Opinion Testimony by Plaintiff's Life Care Planner, Robert Contreras. ECF No. 90. Defendants' motion is focused on the substance of the modified Life Care Plan and Dr. Contreras's expert qualifications. ECF No. 90-1 at 1–2. It is set to be heard by Judge Ohta on October 31, 2024. ECF No. 111. *Id.* Defendants noted that they had issues with Dr. Contreras's modified Life Care Plan based on its timeliness (or lack thereof) in a footnote in the motion. ECF No. 90-1 at 2 n.1. The footnote states that "[t]he parties are in the process of addressing this discovery issue with the magistrate judge and it will also be the subject of a motion in limine." *Id*.

The parties first notified the Court of a dispute regarding the timeliness of the modified Life Care Plan by email on August 21, 2024. Email to Chambers (Aug. 21, 2024, at 12:49 PM). The Court held an informal discovery conference with counsel on August 23, 2024, and issued an order that day setting briefing schedules for a joint motion to modify the scheduling order and any motion by Defendants for sanctions related to the timeliness of the modified Life Care Plan. ECF Nos. 95, 96. Defendants filed a motion for

sanctions on September 6, 2024, and the parties filed the instant joint motion on September 25, 2024. ECF Nos. 105, 112.

## II. SUMMARY OF PARTIES' ARGUMENTS

Plaintiff contends that there is no need to modify the scheduling order because the modified Life Care Plan was timely under Federal Rule of Civil Procedure 26(e)(2) as a supplement to Dr. Contreras's initial Life Care Plan. ECF No. 112 at 2, 8. Defendants argue that the duty to supplement under Rule 26(e)(2) does not apply here because the modified Life Care Plan is substantially different from the original plan. *Id*. at 13–14.

Alternatively, Plaintiff argues that good cause exists to modify the scheduling order because he was diligent in pursuing the in-person examination that is the basis of the modified Life Care Plan. *Id*. at 3–5. Plaintiff further argues that Defendants will not be prejudiced by a modification to the scheduling order because they had the modified Life Care Plan prior to Dr. Contreras's deposition, were able to depose him regarding it, and Plaintiff offered to stipulate that Defendants could designate a rebuttal expert. *Id*. at 6.

Defendants contend that Plaintiff did not act diligently because he could have arranged for an in-person examination of Mr. Frias at any time in the two years since this case was filed, and Plaintiff did not act in good faith when he failed to seek a modification of the scheduling order in advance of the May 6, 2024, initial expert disclosure deadline. *Id*. at 12–13. Defendants also argue that they would be prejudiced by a modification to the scheduling order, even though they were able depose Dr. Contreras[2] regarding the modified Life Care Plan. *Id*. at 14–15.

The Court focuses its inquiry here on the request to modify the scheduling order. Whether the modified Life Care Plan meets the requirements for supplementation under Rule 26(e)(2) is a close call, but not a necessary one. Since the Court finds in its discretion

---

[2] The Court notes that, in the instant motion, Defendants incorrectly refer to Plaintiff's life care planner expert, Dr. Contreras, as "Dr. Castenada" and "Dr. Castaneda." ECF No. 112 at 10.

that the scheduling order should be modified, as explained below, there is no need to reach the Rule 26(e)(2) supplementation issue.

## III.  DISCUSSION

### A.  Legal Standard

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order may be "modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). In the Ninth Circuit, the "good cause" standard under Rule 16(b)(4) "primarily considers the due diligence of the party seeking amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "An extension of a deadline sought after its expiration requires a showing of 'excusable neglect,' not merely 'good cause.'" *Brightly v. Corizon Health Inc.*, No. CV-21-00127-TUC-JCH, 2023 WL 1331282, *1 (D. Ariz. Jan. 31, 2023). "[T]he determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000). A determination of excusable neglect is within the Court's discretion. *Id.* at 1223.

Because Plaintiff's request to modify the scheduling order was made after the deadline to serve expert disclosures has passed, the Court considers whether Plaintiff's failure to meet the original deadline of May 6, 2024, falls within the four factors for excusable neglect outlined above.

### B.  Danger of Prejudice to the Opposing Party

This factor weighs in favor of finding excusable neglect. Defendants recognize that they received the modified Life Care Plan before Dr. Contreras's deposition, but argue they were prejudiced nonetheless because they received it just days before the deposition and they did not feel free to move the deposition date because of prior extensions. Defendants also argue they would be prejudiced because the case is "in its later stages," so "they could not do additional discovery on the new lifecare plan," and they "have filed pre-trial

motions." ECF No. 112 at 14–15. Defendants further contend that they "made case decisions based on the information they had at the time of expert discovery and were then sandbagged by [the] late disclosure." *Id.* at 15.

The Court disagrees that Defendants will be unduly prejudiced by a modification to the scheduling order. Plaintiff alerted Defendants that Dr. Contreras had conducted an in-person examination and may supplement his report on July 9,[3] 2024, fifteen days prior to his deposition. ECF No. 112 at 10. Defendants agreed to extend the expert discovery deadline for Dr. Contreras's deposition, even after they knew he planned to supplement his report, and represented to the Court that an extension would not prejudice either party. ECF No. 79. Plaintiff produced the modified Life Care Plan to Defendants on July 18, 2024, six days before the deposition. ECF No. 112-1 at 3. The modified Life Care Plan is a total of 20 pages and overlaps significantly with the initial Life Care Plan. ECF 112-4 at 4–23. Defendants had a full opportunity to question Dr. Contreras about the initial Life Care Plan, the modified Life Care Plan, and how they differ at his deposition.

The Court finds Defendants' reliance on the late stage of the litigation, in particular the fact that the deadline to file pretrial motions has passed, to be specious. Defendants omit to mention in the joint motion that they **already filed** a pretrial motion, on August 16, 2024, asking the Court to exclude any opinion of Dr. Contreras based on the *Daubert* standard for admissibility of expert opinions. ECF No. 90; *see* ECF No. 112 at 15 (Defendants noted that "this litigation is in its later stages, Defendants have filed pre-trial motions … Defendants made case decisions based on the information they had at the time of expert discovery and were then sandbagged by this late disclosure[,]" but do not specify that one of those pre-trial motions was a *Daubert* motion about the life care planner expert at the heart of this dispute). The Court discovered that motion in an independent review of

---

[3] In the instant motion, Defendants state that they "were not alerted that Plaintiff would be amending his lifecare plan until July 8." ECF No. 112 at 10. However, email communications from Plaintiff cited in Defendant's motion for sanctions were from July 9, 2024. *See* ECF No. 105-2 at 2, 7.

the case docket. Defendants can hardly claim to be prejudiced because of an inability to file a motion that they already filed. Similarly, Defendants cannot claim that they would be prejudiced by an inability to conduct discovery, since the fact discovery deadline had already passed under the scheduling order before the initial expert disclosures were due on May 6. ECF No. 69 at 2 (fact discovery closed February 16, 2024, except that all depositions were to be completed by March 29, 2024). Moreover, Defendants joined in a motion to extend the expert discovery deadline after they were aware that Dr. Contreras would be supplementing his opinion and expressly represented to the Court that they would not be prejudiced by that extension, but did not reserve the right to object to any supplementation. ECF No. 79.

The Court is somewhat sympathetic to Defendants' concern that they might have made different case strategy decisions if they had received the modified Life Care Plan by the original expert disclosure deadline. If that had occurred, Defendants would have had one month to decide whether to designate a rebuttal expert. The Court's modification will place Defendants back in the same position they would have been had that occurred, because the Court will also modify the schedule to allow Defendants 30 days to disclose a rebuttal expert.

### C.  Length of the Delay and Its Impact on the Proceedings

This factor weighs in favor of finding excusable neglect. The relevant period of delay is between May 6, 2024, the deadline for affirmative expert disclosures, and August 21, 2024, when the parties first brought the issue to the Court. The amount of allowable delay is subject to the Court's discretion. There is no hard and fast rule setting an acceptable amount of time. *Compare M.D. by and through Doe v. Newport-Mesa Unified Sch. Dist.*, 840 F.3d 640, 643 (9th Cir. 2016) (finding excusable neglect after two day delay) *with Lemoge v. United States*, 587 F.3d 1188, 193, (9th Cir. 2009) (finding excusable neglect after seven month delay).

Here, the Court finds that both parties share some responsibility for the delay in seeking a resolution of this issue. Clearly, the primary responsibility for the delay falls on

Plaintiff. If Plaintiff had advised Defendants or the Court of the difficulties in scheduling Dr. Contreras's in-person examination prior to the initial expert disclosure deadline, this dispute could have likely been avoided entirely. *See Lemoge*, 587 F.3d at 1197 (finding excusable neglect even though there was "no question that [plaintiff's counsel] could have handled his practice better"). But Defendants also failed to bring the dispute to the Court's attention at an earlier date. Defendants joined in a motion to extend the expert discovery deadline on July 17, without mentioning the dispute. ECF No. 79. Although Defendants noted the timeliness of the modified Life Plan at Dr. Contreras's deposition, they did not formally object nor consistently press those objections. Defendants joined in a motion to extend case deadlines that was filed on August 2, 2024, but made no mention of this dispute in that motion. ECF No. 81. In their *Daubert* Motion to Exclude Dr. Contreras's opinion, filed on August 16, 2024, Defendants addressed the modified Life Care Plan fully. ECF No. 90. It seems that Defendants may have been holding their untimely argument in their back pocket for use later, such as in motions *in limine*, (*see* ECF No. 90-1 at 2 n.1), when trial would be so close that the Court would have very limited options for crafting a workable resolution to this dispute that would not affect the trial date.

### D. Reason for the Delay

This factor presents a closer question, but on balance the Court finds that it weighs in favor of finding excusable neglect. Although Plaintiff has provided an understandable explanation for the delay in obtaining the in-person examination, Plaintiff has not explained fully why he did not alert the Court or Defendants to this delay in a more timely manner. On the other hand, it appears that Defendants were inconsistent in pressing their objections to the modified Life Care Plan. Defendants brought up its untimeliness at Dr. Contreras's deposition on July 24; but they made no mention of it in their Joint Motion regarding the case schedule on August 2. Though it was mentioned in a footnote in their *Daubert* motion, Defendant represented that "the parties are in the process of addressing this discovery issue with the magistrate judge[,]" when they did not in fact notify the undersigned of the dispute until five days later. *Compare* ECF No. 90-1 at 2 n.1 (filed on Aug. 16, 2024) *with* Email

to Chambers (Aug. 21, 2024, at 12:49 PM). This inconsistency could have led Plaintiff to believe that Defendants would not press those objections further. The Court finds that at most Plaintiff was negligent in not seeking a modification of the scheduling order sooner. Even if Plaintiff was negligent, the excusable neglect standard allows for negligence by a party. *See M.D.*, 840 F.3d at 643; *Bateman*, 231 F.3d at 1224 (excusable neglect "covers cases of negligence, carelessness and inadvertent mistake").

### E.   Good Faith of Movant

This factor weighs in favor of finding excusable neglect. The Court disagrees with Defendants' characterization of Plaintiff's actions as "sandbagging." At the time Plaintiff's counsel was seeking to schedule an in-person examination by Dr. Contreras, it was not clear whether, or to what extent, Dr. Contreras would need to modify the Life Care Plan based on the examination. *See* ECF No. 105-2 at 7 (email from Plaintiff's counsel, stating that "Dr. Contreras personally evaluated Mr. Frias last Friday. I have not had an opportunity to discuss that with him or if he intends to supplement his report."). Plaintiff appears to have been operating under the belief that any changes to the Life Care Plan would be permitted as a supplement to Dr. Contreras's initial report. If Plaintiff were attempting to "sandbag" Defendants, it seems he would have waited until pretrial disclosures are due the following month to advise them of the modified Life Care Plan. Instead, Plaintiff's counsel advised Defendants that the Life Care Plan would be modified just a few days after the examination, and provided Defendants with a copy of the modified Life Care Plan six days before Dr. Contreras's deposition. When Defendants objected, Plaintiff's counsel offered to stipulate to allow Defendants to serve a rebuttal expert report. ECF No. 112-2 at 4.

Therefore, the Court finds that Plaintiff has demonstrated that his neglect in not seeking a modification of the initial expert disclosure deadline in the scheduling order was excusable.

//

//

## IV. CONCLUSION

For the reasons set forth above, the Court resolves the Joint Motion for Determination of Dispute Regarding Scheduling Order in Plaintiff's favor, **GRANTS** Plaintiff's request to amend the scheduling order, and **GRANTS IN PART and DENIES IN PART** Defendants' request to amend the scheduling order. ECF No. 112. The Court **ORDERS** that the scheduling order in this case be modified as follows:

1. The deadline for each party to comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure is extended retroactively, *nunc pro tunc*, to **July 18, 2024**. Dr. Contreras's modified Life Care Plan is therefore timely.[4]

2. The deadline for any party to supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) is extended to **November 14, 2024**.

3. If Defendants designate a rebuttal expert, Plaintiff may notice and take a two-hour deposition of that expert no later than **November 21, 2024**. Because there is only one week between the rebuttal expert designation and the deposition deadline, the Court strongly encourages the parties to reserve a date between November 14 and 21 for this deposition now. Defendants shall determine whether the deposition will be in-person or by remote means. The Court recognizes that this deadline comes after some of the pretrial disclosure deadlines set forth below, but the parties should assume that the rebuttal expert's report, complete file, and deposition transcript are part of the pretrial disclosures in the case.

4. Counsel do not need to file Memoranda of Contentions of Fact and Law if the trial will be a jury trial.

//

---

[4] As such, Defendants' Motion for Exclusionary Sanctions (ECF No. 105), premised on the untimeliness of Dr. Contreras's supplemental report, is **DENIED AS MOOT**. *See* ECF No. 117 (motion referred to magistrate judge for review and decision).

5. Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **November 20, 2024**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

6. Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **November 27, 2024**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

7. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **December 5, 2024**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

8. The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures, shall be prepared, served and lodged with the assigned district judge by **December 12, 2024**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

9. The final Pretrial Conference *remains* scheduled on the calendar of the **Honorable Jinsook Ohta** on **December 19, 2024** at **9:30 a.m.**

10. The dates and times set forth herein will not be modified except for good cause shown.

/ /

/ /

11. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated: October 8, 2024

_____
Honorable Allison H. Goddard
United States Magistrate Judge